UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STACY LEAR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>IMMEDIATE PAYMENT SOLUTIONS, INC. and INDY PROMOTIONS PLUS, LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:11-cv-01321-SEB-DML |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Before the Court is the Motion to Dismiss [Docket No. 36], filed on May 29, 2012 by Defendant Indy Promotions Plus, LLC ("Indy Plus"). Indy Plus has filed its motion pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that Plaintiff, Stacy Lear, has failed to state any claim for which relief can be granted. The matter is fully briefed, and, for the reasons set forth in this entry, the Court GRANTS Defendant's motion and DISMISSES the action against Indy Plus WITH PREJUDICE.

**Factual Background**

This prospective class action lawsuit arises under the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.*, and its associated Regulation E, 12 C.F.R. § 205.1 *et seq.* (collectively known as "the EFTA"). The section of the EFTA under which Plaintiff brings this lawsuit, 15 U.S.C. § 1693b(d)(3), requires operators of automated teller

machines ("ATMs") who impose a fee in connection with electronic fund transfers to provide advance notice of such a fee to consumers.   Specifically, "at the time the service is provided, [but] before the consumer is irrevocably committed to completing the transaction," a consumer must receive notice of "the fact that a fee is imposed by such operator for providing the service" and "the amount of any such fee."   15 U.S.C. § 1693(b)(d)(3)(A)-(B); *see also* 12 C.F.R. § 205.16(b).   Section 1693b(d)(3)(C) expressly disallows fees that are not properly disclosed and unequivocally assumed by the consumer, as follows:

> No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under [this section], unless—
> > (i) the consumer receives such notice . . .; and
> > (ii) the consumer elects to continue in the manner necessary to effect the transaction after receiving such notice.

15 U.S.C. § 1693b(d)(3)(C).   Here, Plaintiff has alleged that Defendants violated the requirement of notice "on or at the machine" set forth in subparagraph B of the statute, to wit:   "[t]he notice required under clause (i) of subparagraph (A) with respect to any fee described in such subparagraph shall be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer."   *Id.* § 1693b(d)(3)(B)(i).

In her original Complaint, Plaintiff alleged that she was charged a $3.00 transaction fee in connection with a September 2010 cash withdrawal[1] she completed using an ATM

---

[1]The EFTA includes "withdrawals of funds" in its definition of "electronic fund transfer."

located at 220 South Meridian Street in Indianapolis.   Compl. ¶¶ 32, 34.   She asserted

that no notice was posted on or in close proximity to the ATM that informed consumers

about the assessment of a surcharge.   *Id.* ¶ 33.   Further, she sought to represent a class[2] of

persons defined as:

> (a) all consumers, (b) who initiated an electronic funds transfer at the ATM
> described in [the Complaint], and (c) were assessed a fee for withdrawing cases
> from the ATM described in [the Complaint], (d) on or after the date one year prior to
> the filing of this action and continuing through the trial . . . or until the Defendants
> are compliant with the EFTA by posting the appropriate notice.

*Id.* ¶ 36.   She named Access, ATM, Inc., XYZ Corporation, and John Doe as Defendants,

alleging that the latter two entities "[might] have ownership and/or operate said ATM."

*Id.* ¶¶ 8-10.

Plaintiff filed the original Complaint on September 29, 2011.   Thereafter, she filed

several motions concerning the identities of the defendants.   With the Court's leave, she

filed her Amended Complaint on November 23, 2011, adding Immediate Payment

Solutions, Inc. as a defendant.   Access ATM, Inc. was dismissed from the lawsuit on

December 6, 2011 by joint stipulation of the parties.   Plaintiff subsequently moved to

amend her Complaint again on March 30, 2012 to add additional defendants, noting that

Immediate Payment Solutions "ha[d] provided information to Plaintiff that [Indy Plus

---

15 U.S.C. § 1693a(7).

[2]Plaintiff's proposed class has not been certified; moreover, no motion to certify a class is pending on the docket.   It is nonetheless proper to rule on Defendant's Motion to Dismiss without addressing class certification.   *E.g.*, *Sheridan v. Marathon Petroleum Co.*, 530 F.3d 590, 592, 596 (7th Cir. 2008) (affirming this court's dismissal of entire lawsuit for failure to state a claim before any motion to certify class had been filed); *Banks v. Nat'l Collegiate Athletic Ass'n*, 977 F.2d 1081, 1086 (7th Cir. 1992) ("[W]here the district court dismissed the claim prior to ruling on [Plaintiff's] request for class certification . . ., we are without jurisdiction.").

might] be a necessary party" to the action.   Docket No. 25 ¶¶ 1, 3.   The Court granted her motion, and she filed her Second Amended Complaint on April 2, 2012.   Since the effective filing date of the Second Amended Complaint, the defendants in this lawsuit have been Immediate Payment Solutions, Inc. and Indy Plus.   *See generally* Second Am. Compl.

## Legal Analysis

### I.  Standard of Review

Defendant Indy Plus has filed its motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which allows dismissal if the plaintiff's complaint fails to state a claim upon which relief can be granted.   Fed. R. Civ. P. 12(b)(6).   In this procedural context, the court accepts all well-pled allegations from the complaint as true and draws all reasonable inferences in the plaintiff's favor.   *See Moranski v. Gen. Motors Corp.*, 433 F.3d 537, 539 (7th Cir. 2005).   Courts evaluating a complaint under Rule 12(b)(6) follow the fairly liberal notice pleading standard, which requires that the complaint contain "a short and plain statement of the claim that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a).   Under Seventh Circuit law, this statement must be sufficient "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."   *Hillingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (internal citations omitted).

"The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits."   *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990) (citation

4

omitted).   Practically speaking, "the plaintiff receives the benefit of imagination" at the pleading stage, *Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994), but her complaint will only survive a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   Federal Rules of Civil Procedure 8(a) and 12(b)(6) require more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."   *Iqbal*, 556 U.S. at 678.   Thus, the factual detail in a complaint must not be "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."   *Killingsworth*, 507 F.3d at 619 (quoting *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007)).

## II.  Discussion

### A.  Matters Outside the Pleadings

As a preliminary matter, we address Plaintiff's submission of three exhibits along with the brief she filed in response to Defendant's motion.   The Court must determine whether to exclude these materials or give "[a]ll parties . . . a reasonable opportunity to present all the material that is pertinent to the motion."   Fed. R. Civ. P. 12(d).   These materials are:   a copy of an ATM receipt (Exhibit A); two photos of "fee notices" associated with Bloomfield and PNC Banks (Exhibit B); and the affidavit of Ryan Frasher, Plaintiff's counsel (Exhibit C).

Pursuant to Federal Rule of Civil Procedure 12(d), "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment." Fed. R. Civ. P. 12(d). A narrow exception to Rule 12(d) exists; namely, a district court may take judicial notice of "matters of public record" without converting a Rule 12(b)(6) motion into a motion for summary judgment. *Doss v. Clearwater Title Co.*, 551 F.3d 634, 640 (7th Cir. 2008). "This exception has allowed courts to avoid unnecessary proceedings when an undisputed fact in the public record establishes that the plaintiff cannot satisfy the 12(b)(6) standard." *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080-81 (7th Cir. 1997). A fact which may be judicially noticed is one "not subject to reasonable dispute because [it is either] generally known within the trial court's territorial jurisdiction; or . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "[I]ndisputability is a prerequisite" for judicial notice of a fact. *Hennessy v. Penril Datacomm. Networks, Inc.*, 69 F.3d 1344, 1354 (7th Cir. 1995). Further, given the indisputability requirement, "[j]udicial notice is generally not for the truth of the matters asserted." *ABN AMRO, Inc. v. Capital Int'l, Ltd.*, No. 04-c-3123, 2007 WL 845046, at *9 (N.D. Ill. Mar. 16, 2007); *see Gen. Elec. Capital Corp.*, 128 F.3d at 1081 n.6.

The Court finds that none of Plaintiff's exhibits fall within this exception to Rule 12(d) and declines to take judicial notice of the same. *See Jacobs v. City of Chi.*, 215 F.3d 758, 766 (7th Cir. 2000) (error for district court to have considered photographs in ruling

6

on motion to dismiss); *Pleva v. Nordquist*, 36 F. Supp. 2d 839, 843 (E.D. Wis. 1999), *aff'd*

195 F.3d 905 (7th Cir. 1999) (appropriate to take judicial notice of statutes, charters, and

court orders, but not affidavits).   Plaintiff's Exhibits A, B, and C constitute "matters

outside the pleadings" within the meaning of Rule 12(d), and the Court could not consider

them without resolving the instant motion under Rule 56.   Accordingly, the Court will

exclude these three exhibits rather than convert Defendant's 12(b)(6) motion to a motion

for summary judgment.

### B.   Applicable Statute of Limitations

Indy Plus argues that Plaintiff has failed to state a claim upon which relief may be

granted against it because the associated statutory limitations period has run.   As the

Seventh Circuit recently noted, "when all relevant facts are presented, the court may

properly dismiss a case . . . on the basis of an affirmative defense."[3]   *Brownmark Films,*

*LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012).   The Court must therefore

determine whether "the allegations of the complaint . . . set forth everything necessary to

satisfy the affirmative defense."[4]   *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009);

*United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005).

A civil lawsuit under 15 U.S.C. § 1693 "may be brought in any United States district

court . . . within one year from the date of the occurrence of the violation."   15 U.S.C. §

---

[3]Rule 8(c)'s list of traditional affirmative defenses includes "statute of limitations."   Fed.
R. Civ. P. 8(c)(1).

[4]"Technically, one might see this as a motion for judgment on the pleadings under Rule
12(c) rather than a motion under Rule 12(b)(6), but the practical effect is the same."   *Brooks*, 578
F.3d at 579.

1693m(g).   The alleged violation, as stated in all submitted versions of the complaint,

occurred at some point in September 2010.   Second Am. Compl. ¶ 31.   Consequently,

pursuant to 15 U.S.C. § 1693m(g), Plaintiff was required to bring any lawsuit based on that

violation on or before September 30, 2011.   By filing the Complaint on September 29,

2011, Plaintiff met this deadline with regard to former Defendant Access ATM.   Indy Plus

highlights this filing date for the Court's attention, noting that "[Plaintiff] did not bring her

action against Indy Plus until April 2, 2012," Def.'s Br. at 4, to support its assertion that

Plaintiff's claim is time-barred.   Plaintiff cites Federal Rule of Civil Procedure

15(c)(1)(C) as rejoinder, arguing that she has satisfied the requirements of this rule and,

therefore, has made timely filings respecting Indy Plus.   Moreover, she asserts that equity

considerations compel a finding in her favor.

      Rule 15(c) controls when an amended pleading asserting a claim or defense arising

"out of the [same] conduct, transaction, or occurrence" relates back to the date of the

original, timely filed pleading.   Fed. R. Civ. P. 15(c)(1)(B).   The doctrine of "relation

back" can cure the fact that the amendment was filed outside an applicable statutory

limitations period.   Underlying this rule is the basic premise that "fairness requires that the

original complaint put a defendant on notice of the . . . dispute such that the defendant will

not be prejudiced."   *Lewellen v. Schneck Med. Ctr.*, No. 4:05-cv-0083-SEB-WGH, 2009

WL 435094, at *3 (S.D. Ind. Feb. 20, 2009) (citing *Fed. Deposit Ins. Corp. v. Knostman*,

966 F.2d 1133, 1138-39 (7th Cir. 1992)).   Although courts generously apply this doctrine,

"liberal application cannot cure a failure of the amended complaint to meet the requirement

of [Rule 15(c)]."   *Id.* (citing *Hill v. Shelander*, 924 F.2d 1370, 1376 (7th Cir. 1991);

*Holmes v. Greyhound Lines, Inc.*, 757 F.2d 1563, 1566 (5th Cir. 1985)).   Where, as here,

the amended pleading changes a party or a party's name, the relevant requirement is found

in subsection (1)(C) of the rule:

> An amendment to a pleading relates back to the date of the original pleading when .
> . . Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for
> serving the summons and complaint, the party to be brought in by amendment:
>> (i) received such notice of the action that it will not be prejudiced in
>> defending on the merits; and
>> (ii) knew or should have known that the action would have been brought
>> against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C).   The relevant portion of Rule 4 mentioned in Rule 15(c)

provides that:

> If a defendant is not served within 120 days after the complaint is filed, the
> court—on motion or on its own after notice to the plaintiff—must dismiss the action
> without prejudice against that defendant or order that service be made within a
> specified time.   But if the plaintiff shows good cause for the failure, the court must
> extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In the instant lawsuit, service was perfected upon Indy Plus on April 9, 2012—well

after the date the Complaint was filed (September 29, 2011) by any estimation.   *See*

Docket No. 40.   Nevertheless, Plaintiff contends, Rule 4(m)'s time frame has been

satisfied for purposes of Rule 15(c) because "this [c]ourt twice granted leave . . . to amend

the complaint.   Thus, [the Court] implicitly allowed an extension of time to serve [Indy

Plus] beyond 120 days."   Pl.'s Resp. at 4.   We agree.   The text of Rule 15 lacks

commentary on implicit deadline extensions, but the advisory committee notes are

9

particularly instructive.   Specifically, the committee has opined that, "[i]n allowing a name-correcting amendment within the time allowed by Rule 4(m), [Rule 15(c)] allows not only the 120 days specified in [Rule 4], but also any additional time resulting from any extension ordered by the court pursuant to that rule."   Adv. Comm. Notes to Fed. R. Civ. P. 15 (1991); *accord Keller v. United States*, 444 F. App'x 909, 912-13 (7th Cir. 2011) (unpublished); *Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010); *McKee ex rel. Schoeff v. Frantz*, No. 1:10-cv-275, 2012 WL 589358, at *4 (N.D. Ind. Feb. 22, 2012); *Goodman v. Clark*, No. 2:09-cv-355, 2010 WL 2838396, at *16 (N.D. Ind. July 12, 2010) (citing *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 557-58 (7th Cir. 1996)); *Wilke v. Bob's Rte. 53 Shell Station*, 36 F. Supp. 2d 1068, 1073 (N.D. Ill. 1999); *Baltrunas v. Sheahan*, 161 F.R.D. 56, 60 (N.D. Ill. 1995); WRIGHT, MILLER, & KANE, 6A FEDERAL PRACTICE & PROCEDURE § 1498 (2d ed. 1994 Supp.) ("[T]he notice required under the rule . . . is linked to the federal service period of 120 days or any additional time resulting from court-ordered extension.").   In light of the foregoing guidance, we conclude that Plaintiff has satisfied Rule 4(m)'s prerequisites respecting Indy Plus.

Our next task, therefore, is to determine if Plaintiff's filings otherwise comport with Rule 15(c).   Indy Plus avers that they do not for two reasons:   first, because Plaintiff's Second Amended Complaint is not a "change" in parties within the meaning of Rule 15(c)(1)(C); and second, because Plaintiff's "failure to name Indy Plus in the original Complaint was the product of her lack of knowledge, and not a 'mistake[.]'"   Def.'s Reply at 5.   We find Indy Plus's first argument unavailing; "the Seventh Circuit, in general,

focuses on the questions of fair notice and absence of undue prejudice when determining whether it is appropriate to add in a new party." *Robbins v. Lading*, No. 10-cv-605-WDS, 2012 WL 2906247, at *3 (S.D. Ill. July 16, 2012); *see also Marshall v. H & R Block Tax Servs.*, 564 F.3d 826, 829 (7th Cir. 2009) (similar analysis regarding "amplification" of an original complaint).   By contrast, we acknowledge that Indy Plus's second argument harmonizes with a number of fairly recent Seventh Circuit decisions.   *E.g.*, *Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 596 (7th Cir. 2006) ("[W]e have repeatedly reiterated that 'relation back' on grounds of 'mistake concerning the identity of the proper party' does not apply where the plaintiff simply lacks knowledge of the proper defendant."); *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 914 (7th Cir. 2000); *Eison v. McCoy*, 146 F.3d 468, 472 (7th Cir. 1998); *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998); *Worthington v. Wilson,* 8 F.3d 1253, 1257 (7th Cir. 1993); *see also Jackson v. Kotter*, 541 F.3d 688, 696 (7th Cir. 2008) ("Not knowing a defendant's name is not a mistake under Rule 15.").   However, the Supreme Court's decision in *Krupski v. Costa Crociere S.p.A.*, 130 S. Ct. 2485 (2010), clears up some former ambiguities as to how Rule 15(c) should be applied.   *Krupski*, which is binding upon this court, abrogates Indy Plus's opinion that distinguishing "mistake" from "lack of knowledge" is our primary task.   It is not.

In *Krupski*, a personal injury plaintiff sought leave to amend her complaint nearly eighteen months after she had initially filed the lawsuit.   *Krupski*, 130 S. Ct. at 2491. Counsel for the defendant brought in by this amendment rejoined that such amendment did not relate back to the original complaint.   After the district and circuit courts determined

11

that the amendment did not relate back under Rule 15(c), the Supreme Court reversed,

holding as follows:

> The Court of Appeals . . . decided that Krupski either knew or should have known of
> the proper party's identity and thus determined that she had made a deliberate
> choice instead of a mistake in not naming Costa Crociere as a party in her original
> pleading.   By focusing on Krupski's knowledge, the Court of Appeals chose the
> wrong starting point.   The question under Rule 15(c)(1)(C)(ii) is not whether
> Krupski knew or should have known the identity of Costa Crociere as the proper
> defendant, but whether Costa Crociere knew or should have known that it would
> have been named as a defendant but for an error.   Rule 15(c)(1)(C)(ii) asks what
> the prospective *defendant* knew or should have known during the Rule 4(m) period,
> not what the *plaintiff* knew or should have known at the time of filing her original
> complaint.

*Id.* at 2493 (internal citations omitted).   The Court also warned, "[I]t would be error to

conflate knowledge of a party's existence with the absence of mistake."   *Id.* at 2494.

*Krupski* is especially useful for our purposes because it instructs that the critical Rule 15(c)

question is whether the defendant to be added knew (or should have known) that, but for

the plaintiff's mistake,[5] the lawsuit would have been filed against him instead of the

original defendant.   *See id.*

Less than a year later, the Seventh Circuit applied the High Court's new approach to

the doctrine of relation back.   The court of appeals prefaced its analysis by noting that

"[*Krupski*] changed what we and other courts understood . . . to be the proper standard for

deciding whether an amended complaint relates back . . . . We had thought the focus should

be on what the *plaintiff* knew or should have known."   *Joseph v. Elan Motorsports Techs.*

---

[5]"A mistake is '[a]n error, misconception, or misunderstanding; an erroneous belief.'"
BLACK'S LAW DICTIONARY 1092 (9th ed. 2009).

*Racing Corp.*, 638 F.3d 555, 559 (7th Cir. 2011) (emphasis added).   Further, the court

observed, "[a] party . . . on notice long before the statute of limitations expires that he is an

intended defendant, and who suffers no harm from the failure to have been named as a

defendant at the outset, is in the same position as a defendant sued within the statute of

limitations."   *Id.* at 558.   District courts must focus on two inquiries when resolving Rule

15(c) questions:

> first, whether the defendant who is sought to be added by the amendment knew or
> should have known that the plaintiff, had it not been for a mistake, would have sued
> him instead or in addition to suing the named defendant; and second, whether, even
> if so, the delay in the plaintiff's discovering his mistake impaired the new
> defendant's ability to defend himself.

*Id.* at 559-60.   Here, therefore, the Court inquires if Indy Plus knew (or should have

known) during the Rule 4(m) period that, but for Plaintiff's mistake, it would have been

named as a defendant.   The Court must also consider whether Indy Plus "received

sufficient 'notice of the action' within the Rule 4(m) time period that it will not be

prejudiced in defending the case on the merits."   *Krupski*, 130 S. Ct. at 2497 n.5.

    Our analysis under the *Krupski* framework is brief due to the paucity of information

in the record.   To be sure, Plaintiff's response brief alleges that Indy Plus either knew or

should have known that it was the proper defendant during the Rule 4(m) period.   The

problem here is that Plaintiff offers no acceptable factual basis for the Court to conclude

that, but for Plaintiff's mistake, Indy Plus would have been sued instead of (or in addition

to) the other named defendants.   Rather, Plaintiff generally states that she "has sought out

the correct [d]efendant after mistakenly naming one" and that "it seems the correct

13

[d]efendant has been named[,] as [Indy Plus] did not raise that issue in its motion to dismiss." Pl.'s Resp. at 5. Other filings are similarly unhelpful. In fact, the most specific statement Plaintiff proffers concerning this issue can be found in her Second Motion to Amend/Correct the Amended Complaint: "Immediate Payment Solutions was named in the First Amended Complaint and has been served such complaint. It has provided information to Plaintiff that [Indy Plus] may be a necessary party." Docket No. 25 ¶ 3. Such trite, barebones allegations do nothing to bolster Plaintiff's case.[6]

Moreover, although Indy Plus makes no arguments to this effect, we doubt that the notice provided by Plaintiff eliminates the likelihood of prejudice to Indy Plus. On the contrary, we think the lack of identity of interest between Indy Plus and Immediate Solutions may indeed prejudice Indy Plus's ability to defend against Plaintiff's claims. *See Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980). That Indy Plus is an individual (as opposed to official) entity is also relevant; "[m]istakes in naming parties [are] . . . far less likely to have drastic consequences in official rather than individual capacity actions." *Delgado-Brunet v. Clark*, 93 F.3d 339, 344 (7th Cir. 1996). Finally, although delay is no longer *per se* fatal to the doctrine of relation back, it remains pertinent to the extent it may have informed Indy Plus during the Rule 4(m) period of the need to prepare for Plaintiff's lawsuit. *See Krupski*, 130 S. Ct. at 2497. Assuming *arguendo* that

---

[6]Plaintiff's vague reference to a statement made by Derek Bogard, registered agent of Defendant Immediate Payment Solutions, has no bearing on our decision today. This off point statement refers not only to a proposed exhibit, which we have excluded, but also apparently to the *wrong* exhibit. *Compare* Pl.'s Resp. at 4 (allusion to statements of Mr. Bogard), *with* Pl.'s Ex. C (affidavit of attorney Ryan Thrasher).

Indy Plus owned the ATM involved in this lawsuit, the odds of isolating Plaintiff's single

$23.00 transaction in its records may diminish by the month, if not by the day.   Each of the

foregoing considerations suggests that accepting Plaintiff's threadbare allegations

concerning Indy Plus would be unfairly prejudicial at this juncture.   Accordingly, we

conclude that Plaintiff's addition of Indy Plus as a defendant in the Second Amended

Complaint does not relate back to the claims presented in her original Complaint.

<u>**Conclusion**</u>

Because we conclude that Plaintiff's claims against Defendant Indy Plus do not

relate back to the original Complaint within the meaning of Federal Rule of Civil

Procedure 15(c), these claims are time-barred.   Plaintiff's Second Amended Complaint

therefore fails to state a claim against Indy Plus upon which relief can be granted.   As a

result, pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court GRANTS

Defendant's Motion to Dismiss WITH PREJUDICE. Plaintiff's claims against Indy Plus

are hereby DISMISSED.

IT IS SO ORDERED.


Date:     10/15/2012

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

15

Copies to:

Eric G. Calhoun
TRAVIS, CALHOUN & CONLON PC
eric@travislaw.com

Ryan R. Frasher
RYAN FRASHER P.C.
rfrasher@frasherlaw.com

Theodore John Minch
SOVICH MINCH LLP
tjminch@sovichminch.com

Kevin Nicholas Tharp
RILEY BENNETT & EGLOFF LLP
ktharp@rbelaw.com